**DUANE MORRIS** LLP
**A Delaware Limited Liability Partnership**
By:  Paul P. Josephson (036061990)
1940 Route 70, Suite 100
Cherry Hill, New Jersey 08003-2171
Telephone: +1 856 874 4200
Fax: +1 856 424 4446
*Attorneys for Defendants*
*iAnthus Capital Management, LLC*
*iAnthus New Jersey, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHELBY BROWN, | CIVIL ACTION NO. _____ |
| Plaintiff, | |
| v. | |
| IANTHUS CAPITAL MANAGEMENT, LLC, and IANTHUS NJ, LLC | |
| Defendants. | |

### NOTICE OF REMOVAL

Defendants iAnthus Capital Management, LLC and iAnthus New Jersey, LLC (improperly identified as iAnthus NJ, LLC) ("Defendants") by and through their undersigned attorneys and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, file this Notice of Removal to remove this action to the United States District Court for the District of New Jersey.  The action was originally commenced in the Superior Court of New Jersey, Monmouth County, entitled *Shelby Brown v. iAnthus Capital Management, LLC and iAnthus NJ, LLC*, under Docket Number MON L-003496-21.

## I.     NATURE OF THE ACTION

1.      This action arises from allegations that Plaintiff, a resident of Maryland, was subjected to disparate treatment by Defendants because of his race in violation of the New Jersey Law Against Discrimination.

2.      Plaintiff alleges that as a direct result of the Defendants' unlawful discriminatory conduct, Plaintiff has suffered and continues to suffer financial and economic damages as well as mental anguish and emotional distress.

## II.     REMOVAL IS TIMELY

3.      On information and belief, on or about October 14, 2021, an action was commenced in the Superior Court of New Jersey, Monmouth County, entitled *Shelby Brown v. iAnthus Capital Management, LLC and iAnthus NJ, LLC,* under Docket Number MON L-003496-21.  A copy of the Civil Case Information Statement and Complaint are attached hereto as Exhibit 1.

4.      As of the date of this Notice of Removal, Defendants have not been served with Plaintiff's Complaint in accordance with the New Jersey Rules of Civil Procedure.

5.      In accordance with the requirements of 28 U.S.C. § 1446, removal is timely as this Notice is filed within thirty (30) days of Defendants' receipt of a copy of Plaintiff's Complaint.  *See* 28 U.S.C. §§1441, 1446; *see also Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018) (holding that a defendant need not be served in order to remove an action from state to federal court).

6.      No further proceedings have occurred in the state court action subsequent to the filing of the Complaint.  A copy of the Docket Sheet is attached hereto as Exhibit 2.

### III.   <u>JURISDICTION</u>

7.      Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant, to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. §1441(a).

8.      This Court has original jurisdiction under 28 U.S.C. § 1332, because complete diversity exists between the parties and because the amount in controversy exceeds the sum or value of $75,000, exclusive of costs and interests.

9.      This case is removable to this United States District Court, pursuant to 28 U.S.C. § 1332(a)(1), because this Court has original subject matter jurisdiction over this action between citizens of different states in which the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

10.      Removal under Section 1332(a) is proper so long as none of the parties in interest "properly joined and served as defendants" is a citizen of the State in which the action is brought. 28 U.S.C. §1441(b)(2).

11.      As such, a forum defendant may remove a case to federal court prior to being properly joined and served.  *See Encompass*, 902 F.3d at 153-54; *see also Gibbons v. Bristol-Myers Squibb, Co.* 919 F.3d 699, 705 (2d Cir. 2019) (28 U.S.C. §1441(b)(2) barring removal by a home-state defendant does not properly apply until home-state defendant has been served in accordance with state law).

12.      Venue is proper under 28 U.S.C. §1441(a) because the United States District Court for the District of New Jersey, is the United States District Court for the district and division embracing the place where the state court case was pending, specifically, the Superior Court of New Jersey, Monmouth County.

A.     **Citizenship of Parties**

13.     There exists complete diversity of citizenship between the parties.   On information and belief, Plaintiff is now, and was at the time this action was commenced, a citizen and resident of the State of Maryland.

14.     iAnthus Capital Management, LLC is now, and was at the time this action was commenced, a Delaware limited liability company with its principal place of business located in New York County, New York.

15.     iAnthus New Jersey, LLC is now, and was at the time this action was commenced, a New Jersey limited liability company with its principal place of business located in Atlantic County, New Jersey.

16.     While iAnthus New Jersey, LLC may be a citizen of New Jersey for diversity purposes, its citizenship does not bar removal, as it has not been "properly joined and served" in this action because Plaintiff has not served it as of the time of filing this Notice of Removal. *See Encompass Ins. Co.,* 902 F.3d at 153-54 (affirming denial of motion to remand where home-state defendant had not yet been properly served at the time of removal).[1]

17.     The forum defendant rule only prohibits removal if the plaintiff has "properly joined and served" a forum state defendant.  28 U.S.C. §1441(b)(2); *see also Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d at 152–54 (3d Cir. 2018) (holding that the "plain meaning [of section 1441(b)(2)] precludes removal on the basis of in-state citizenship ***only*** when the

---

[1] Had iAnthus New Jersey, LLC been served, which it wasn't, removal would still be proper since iAnthus New Jersey, LLC was fraudulently joined for the purposes of defeating diversity jurisdiction.  iAnthus New Jersey, LLC was never Plaintiff's employer and only has two (2) active employees on its payroll. Plaintiff never worked in New Jersey and never received a paycheck from iAnthus New Jersey, LLC.  Further, iAnthus New Jersey, LLC does not currently
(Continued…)

defendant has been properly joined and served" and that removal prior to service of the forum defendant "is not so outlandish as to constitute an absurd or bizarre result" (emphasis added)).

18.     Because iAnthus New Jersey, LLC has not been "properly joined and served," the "forum defendant rule," barring removal by a home-state defendant, does not apply.  *See Id*.

19.     Thus, pursuant to 28 U.S.C. §1441(b) and applicable case law, the case is properly removable.  *See* 28 U.S.C. §1441(b)(2).

**B.     Amount in Controversy**

20.     The action arises from claims that Plaintiff was subjected to disparate treatment because of his race in violation of the New Jersey Law Against Discrimination.  Although Defendants deny any liability, the Complaint seeks financial and economic damages as well as damages for mental anguish and emotional distress.

21.     If liability is imposed and damages are awarded in this case (which Defendants contest), the damages Plaintiff will seek will exceed $75,000.00.[2]

22.     In accordance with 28 U.S.C. § 1446(a), a copy of this Notice of Removal, accompanied by written notice of filing, shall be given to all parties and filed with the Clerk of the Superior Court of New Jersey, Law Division, Monmouth County promptly after the filing of this Notice of Removal.

23.     In removing this action to federal court, Defendants expressly reserve, and do not waive, any and all rights and defenses that they have or may have.

---

(Continued…)

have any operations in New Jersey.  There is simply no colorable ground supporting any claim against iAnthus New Jersey, LLC.

[2] Defendants do not concede that Plaintiff is entitled to recover more than $75,000 and deny that Plaintiff is entitled to recover any damages.

24.     This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11 and in accordance with 28 U.S.C. §1446.  The statements and allegations herein are true and correct to the best of the knowledge and belief of the undersigned upon review of the material available.

25.     Defendants further reserve the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendants hereby remove this action to this Court and respectfully request that this Court assume jurisdiction of this matter and take all further steps as may be required to determine this controversy.

Respectfully submitted,

**DUANE MORRIS LLP**
**A DELAWARE LIMITED LIABILITY PARTNERSHIP**

Attorneys for Defendants,

_s/Paul P. Josephson_____
Paul P. Josephson

Dated:  November 4, 2021

## <u>CERTIFICATE OF SERVICE</u>

       I, Paul Josephson, hereby certify that the foregoing Notice of Removal was served this 4th day of November, 2021, upon all counsel and parties listed below as follows:

**Via Electronic Filing and Regular Mail**

**s/ Rebekah R. Conroy**
Rebekah R. Conroy, Esq. (028932003)
Surinder K. Aggarwal, Esq. (016502007)
25A Hanover Road, Suite 301
Florham Park, New Jersey 07932
Phone: (973) 400-4181
rconroy@stoneconroy.com

*Of Counsel:*
**REISS SHEPPE LLP**
Matthew Sheppe, Esq.
425 Madison Avenue, 19th Floor
New York, New York 10017
Tel: (212) 753-2424
Email: msheppe@reisssheppe.com
*Attorneys for Plaintiff*

            BY:    */s/* Paul P. Josepshon
                     Paul P. Josephson (036061990)

# EXHIBIT 1

Rebekah R. Conroy, Esq. (028932003)
Surinder K. Aggarwal, Esq. (016502007)
STONE CONROY LLC
25A Hanover Road, Suite 301
Florham Park, New Jersey 07932
Phone: (973) 400-4181
rconroy@stoneconroy.com


*Of Counsel:*

Matthew Sheppe, Esq. *(pro hac vice forthcoming)*
Reiss Sheppe LLP
425 Madison Avenue, 19th Floor
New York, New York  10017
Tel: (212) 753-2424
Fax: (347) 348-0731
msheppe@reisssheppe.com

*Attorneys for Plaintiff*

| | |
|---|---|
| SHELBY BROWN,<br><br>        Plaintiff,<br><br>  v.<br><br>IANTHUS CAPITAL MANAGEMENT, LLC, and IANTHUS NJ, LLC,<br><br>        Defendants. | SUPERIOR COURT OF NEW JERSEY<br>MONMOUTH COUNTY – LAW DIVISION<br>Docket No: MON-L-_____<br><br><br><br>**COMPLAINT** |

      Plaintiff Shelby Brown, by his attorneys, Stone Conroy LLC (Reiss Sheppe LLP appearing

as of counsel), alleges the following against Defendants.

## <u>NATURE OF THE ACTION</u>

      This is an action for damages arising from Defendants' illegal and discriminatory treatment

and constructive discharge of Plaintiff Shelby Brown ("Plaintiff" or "Mr. Brown") in breach of

New Jersey's anti-discrimination laws.  This discrimination included not only demoting Mr.

Brown from his position as the National Compliance Director to a more junior position but also, ultimately, the constructive discharge of Mr. Brown.

## THE ENTITIES AND THEIR RELATIONSHIPS

1. Plaintiff Shelby Brown is an individual who resides in the State of Maryland.

2. iAnthus Capital Management, LLC is a New York limited liability company with its principal place of business located in New York County. iAnthus owns a network of cannabis brands and operations centers utilized nationwide.

3. Among iAnthus' Capital Management, LLC holdings is MPX NJ, a New Jersey Corporation with its principal place of business located in Monmouth County New Jersey.

4. iAnthus NJ LLC is a wholly owned subsidiary of iAnthus Capital Management LLC. iAnthus NJ LLC ("iAnthus NJ") is a New Jersey Corporation with its principal place of business located at 8 Sailors Lane, Red Bank, Monmouth County, New Jersey.  iAnthus NJ is involved in the construction, operation and improvements of certain New Jersey marijuana facilities leased and/or owned by iAnthus NJ.  iAnthus NJ and iAnthus Capital Management, LLC are collectively referenced herein as "iAnthus."

## FACTUAL BACKGROUND

5. Plaintiff is a disabled U.S. Army veteran with more than 12 years of military service and more than a decade of audit and investigational experience at the regulatory and government levels.

6. Mr. Brown completed his Bachelor of Science in Business Management from Post University in 2018. He also holds a graduate level certification in project management from Post University. While in the military, he completed multiple trainings and in 2003 graduated from the Academy of Health Care Sciences at Ft Sam Houston, San Antonio Texas. He holds Certifications

as Military Police Instructor, Military CPR Instructor, Military First Aid Instructor, and Military Combat Life Saver Instructor.

7.   During Mr. Brown's military service, he received the Army Commendation Medal, Army Achievement medal (which he was awarded four times), Air Force Achievement Medal. Army Good Conduct Medal, Global War on Terrorism Service Medal, NATO Medal, Non-Commissioned Officer Professional Development Ribbon, Maryland Commendation Medal, and the California Counter Drug Medal.

8.   After an honorable discharge from the U.S. Army, Mr. Brown worked as a Drug Investigator for the Food and Drug Administration and then as a Cannabis Investigator for the Maryland Department of Health.

9.   On or about August 20, 2018, MPX Bioceutical Corporation ("MPX") hired Shelby Brown to be its National Compliance Director.

10. Among other things, as MPX's National Compliance Director, Mr. Brown was responsible for designing, developing, and updating policies and practices to maintain MPX's compliance with various state, federal and local regulatory requirements.  Mr. Brown was also responsible for collecting reporting data to submit to the appropriate federal and state agencies as well as training and re-training all MPX employees on compliance issues.

11.   As part of his role as National Compliance Director, Plaintiff assisted MPX with its New Jersey cannabis licensing application to the Cannabis Regulatory Commission.  As a result of his work, MPX provided Plaintiff with equity in the Company.

12. However, following iAnthus' takeover (as described below), among other discriminatory actions, iAnthus sought to have Plaintiff forfeit the equity that he had been granted for his work.

13. .On or about February 2019, iAnthus acquired, or contracted to acquire MPX.  As a result of this transaction, iAnthus had control over, among other things, hiring, firing, promoting, and demoting MPX employees, including Mr. Brown, along with the right to approve or deny budget and personnel requests by MPX employees, including Mr. Brown.

14. Almost immediately after iAnthus took over, it began discriminating against Mr. Brown.

15. Initially the discrimination manifested itself by iAnthus requiring Mr. Brown to interview for his job.

16. None of MPX's white compliance directors, none of whom were more qualified than Mr. Brown, were required to interview for their jobs after iAnthus took control.

17. Thereafter, iAnthus demoted Mr. Brown from the National Compliance Director to a Regional Compliance Director of a smaller operations territory for MPX.  This occurred despite Mr. Brown previously being a National Compliance Director and his vast experience as a compliance director, and the lack of any professional blemishes or complaints about his performance.

18. iAnthus' pretext for the demotion was that iAnthus did not have "National" compliance directors.  This was untrue.  Subsequently, iAnthus named Andrew Plante (a white male) as its new National Compliance Director.

19.  As a Regional Compliance Director, Plaintiff reported to Plante, even though Plaintiff was more qualified to hold the position of National Compliance Director.

20. But iAnthus' discrimination against Mr. Brown was not limited to just his demotion. Rather, it continued through the remainder of Mr. Brown's time working for iAnthus.  This discrimination manifested itself in refusing to approve a single budget or personnel request made

by Mr. Brown between its takeover of MPX through August 2021, leading to Mr. Brown's constructive discharge.

21. Mr. Brown repeatedly submitted budget and personnel requests to his superiors, and not only were those requests never approved, but Mr. Brown never even received a response of any kind to his requests.  Mr. Brown was never told his requests were incomplete, in the wrong form, improper, or needed to be revised in some fashion. Mr. Brown was simply ignored.

22. Of course, while iAnthus was ignoring Mr. Brown's budget and personnel requests, it still required him to complete all the work he had submitted a budget and personnel request for.   In other words, Mr. Brown was required to do the job of multiple employees, including that of a facility manager, an EHS coordinator and a security manager.   None of these tasks fell under the job requirements for a Regional Compliance Director at iAnthus.  Nor were any other Regional Compliance Directors forced to undertake such menial tasks.  Yet Mr. Brown, the only African American in this role, was required to perform them.

23. Ultimately, iAnthus and iAnthus NJ's discriminatory treatment of Mr. Brown created working conditions so intolerable that first it caused Mr. Brown to take a leave of absence from the company pursuant to the Family Medical Leave Act, and, after that leave period expired, these intolerable working conditions led to Mr. Brown's constructive discharge.

## FIRST CAUSE OF ACTION

(Violation of the New Jersey Law Against Discrimination)

24. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 23 as if more fully set forth herein.

25. Defendants discriminated against Plaintiff in violation of the New Jersey Law Against Discrimination by subjecting him to disparate treatment because of his race, by, inter alia, constructively terminating Plaintiff's employment.

5

26. As a direct and proximate result of the Defendants' unlawful discriminatory conduct in violation of the New Jersey Law Against Discrimination, Plaintiff has suffered and continues to suffer financial and economic damages as well mental anguish and emotional distress.

27. Defendants' unlawful discriminatory conduct constitutes a violation of the New Jersey Law Against Discrimination.

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

a) Awarding Plaintiff monetary damages;

b) An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and.

c) Any additional relief the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury as to all issues so triable.

**RULE 4:25-4 DESIGNATION OF TRIAL COUNSEL**

Pursuant to New Jersey R. 4:25-4, Plaintiff hereby designates Rebekah Conroy, Esq., as its trial counsel.

STONE CONROY LLC

By: */s/ Rebekah Conroy*

Dated:  October 14, 20201                    Rebekah Conroy

6

## RULE 4:5-1(b)(2) CERTIFICATION AS TO OTHER ACTIONS

I hereby certify that the matter in controversy is not the subject of any other action pending in any court or any other pending arbitration proceedings, and no other action or arbitration proceeding is contemplated.  At this time, Plaintiff is not aware of any other party who should be joined to this action pursuant to <u>R</u>. 4:28 or who is subject to joinder pursuant to <u>R</u>. 4:29-l(b).

Respectfully submitted,

Dated: October 14, 2021

**STONE CONROY LLC**

**/s/ Rebekah R. Conroy**
Rebekah R. Conroy, Esq. (028932003)
Surinder K. Aggarwal, Esq. (016502007)
25A Hanover Road, Suite 301
Florham Park, New Jersey 07932
Phone: (973) 400-4181
rconroy@stoneconroy.com

*Of Counsel:*

**REISS SHEPPE LLP**
Matthew Sheppe, Esq.
425 Madison Avenue, 19th Floor
New York, New York 10017
Tel: (212) 753-2424
Email: msheppe@reisssheppe.com

*Attorneys for Plaintiff*

# Civil Case Information Statement

## Case Details: MONMOUTH | Civil Part Docket# L-003496-21

**Case Caption:** BROWN SHELBY  VS IANTHUS CAPITAL
MANA GEMENT LL

**Case Initiation Date:** 10/14/2021

**Attorney Name:** REBEKAH RAYE CONROY

**Firm Name:** STONE CONROY LLC

**Address:** 25A HANOVER RD STE 301
FLORHAM PARK NJ 07932

**Phone:** 9734004181

**Name of Party:** PLAINTIFF : Brown, Shelby

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Shelby Brown?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
**If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

10/14/2021
Dated

/s/ REBEKAH RAYE CONROY
Signed

# EXHIBIT 2

## Case Summary

**Case Number:** MON L-003496-21

**Case Caption:**  Brown Shelby  Vs Ianthus Capital Mana Gement Ll

| | | |
|---|---|---|
| **Court:**  Civil Part | **Venue:**  Monmouth | **Case Initiation Date:**  10/14/2021 |
| **Case Type:**  Law Against Discrimination (Lad) Cases | **Case Status:**  Active | **Jury Demand:**  6 Jurors |
| **Case Track:**  3 | **Judge:**  Kathleen A Sheedy | **Team:**  3 |
| **Original Discovery End Date:** | **Current Discovery End Date:** | **# of DED Extensions:**  0 |
| **Original Arbitration Date:** | **Current Arbitration Date:** | **# of Arb Adjournments:**  0 |
| **Original Trial Date:** | **Current Trial Date:** | **# of Trial Date Adjournments:**  0 |
| **Disposition Date:** | **Case Disposition:**  Open | **Statewide Lien:** |

### Plaintiffs
### Shelby  Brown

| | | |
|---|---|---|
| **Party Description:** Individual | | **Attorney Name:** Rebekah Raye Conroy |
| **Address Line 1:** 1252 Vogt Ave | **Address Line 2:** | **Attorney Bar ID:** 028932003 |
| **City:** Halethorpe      **State:** MD | **Zip:** 21227 | **Phone:** |
| **Attorney Email:** RCONROY@STONECONROY.COM | | |

### Defendants
### Ianthus Nj, Llc

| | | |
|---|---|---|
| **Party Description:** Business | | **Attorney Name:** |
| **Address Line 1:** 8 Sailors Lane | **Address Line 2:** | **Attorney Bar ID:** |
| **City:** Red Bank      **State:** NJ | **Zip:** 07701 | **Phone:** |
| **Attorney Email:** | | |

### Ianthus Capital Management Llc

| | | |
|---|---|---|
| **Party Description:** Business | | **Attorney Name:** |
| **Address Line 1:** 420 Lexington Avenue | **Address Line 2:** Suite 414 | **Attorney Bar ID:** |
| **City:** New York      **State:** NY | **Zip:** 10170 | **Phone:** |
| **Attorney Email:** | | |

### Case Actions

| Filed Date | Docket Text | Transaction ID | Entry Date |
|---|---|---|---|
| 10/14/2021 | Complaint with Jury Demand for MON-L-003496-21 submitted by CONROY, REBEKAH RAYE, STONE CONROY LLC on behalf of SHELBY BROWN against IANTHUS CAPITAL MANAGEMENT LLC, IANTHUS NJ, LLC | LCV20212396586 | 10/14/2021 |
| 10/15/2021 | TRACK ASSIGNMENT Notice submitted by Case Management | LCV20212400452 | 10/15/2021 |